1  KRISTINE R. ARONSOHN (State Bar No. 132022)
   JOHN E. MORAN (State Bar No. 94179)
2  SUSAN L. WILSON (State Bar No. 195022)
   DANNER & MARTYN, LLP
3  100 E. Thousand Oaks Blvd., Suite 244
   Thousand Oaks, California 91360
4  Telephone:  (805) 777-8700
   Facsimile:  (805) 778-0736
5
   Attorneys for Plaintiff
6  DIRECTV, INC.

7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10             **SAN JOSE DIVISION**

11 DIRECTV, INC., a California corporation,    CASE NO.:

12             Plaintiff,
                                                **COMPLAINT FOR COMPENSATORY,**
13 v.                                           **STATUTORY AND OTHER DAMAGES, AND**
                                                **FOR INJUNCTIVE RELIEF**
14 DERRICK CHAPMAN; JOHN HO; WINDY
   SHUMAKER; JASON ALFORD,
15
               Defendants.
16

17     Plaintiff, DIRECTV, Inc. ("DIRECTV"), hereby complains as follows with respect to its

18 claims arising under federal question jurisdiction 28 U.S.C. §§ 1331 and 1338(a).

19                           **NATURE OF THIS CASE**

20     1.    DIRECTV is the nation's leading direct broadcast satellite system, delivering over 225

21 channels of television and other programming to more than 10 million homes and businesses in the

22 United States.  DIRECTV's television programming currently includes major cable networks, studio

23 movies and special events programming, as well as a variety of sports and other special interest

24 programming.  DIRECTV, a California company, has invested more than $1.25 billion to develop its

25 direct broadcast satellite system.

26     2.    DIRECTV encrypts – electronically scrambles – its satellite transmissions to provide

27 security for and prevent unauthorized viewing of its satellite television programming.  DIRECTV

28 offers its television programming to residential and business customers on a subscription and pay-per-

view basis only. Each customer is required to obtain a DIRECTV Access Card and other system hardware (including a small satellite dish) and create an account with DIRECTV. Upon activation of the Access Card by DIRECTV, the customer can receive and view in a decrypted format (*i.e.*, unscrambled) those channels to which the customer has subscribed or otherwise made arrangement to purchase from DIRECTV.

3. On November 29, 2001, DIRECTV executed Writs of Seizure, with the assistance of the U.S. Marshal Service, in the matter of DIRECTV v. Derek Trone (hereinafter "Trone") et al, Civil Action No. SA CV 01-370 DOC (ANx), in the United States District Court for the Central District of California. During and subsequent to the raids, DIRECTV came into possession of a substantial body of sales records, shipping records, email communications, credit card receipts, and other DSS Pro records. Those records evidence Defendants' purchases of illegal Pirate Access Devices from DSS Pro. In reliance upon those records and other information, and upon information and belief, DIRECTV sets forth the allegations in this Complaint.

4. On April 10, 2003, DIRECTV executed Writs of Seizure, with the assistance of the United States Marshall, at various shipping facilities and at the home of David Arena, the operator of Loader1.com ("Loader1") in Westlake, Ohio. Business records obtained from the raid revealed information related to Loader1's customers and evidence of an ongoing illegitimate internet retail enterprise, including orders, invoices, electronic communications, product lists, shipping documentation, purchase receipts, credit card receipts and customer lists. Loader1's customers ordinarily placed orders over various websites including www.Loader1.com. Pertinently, the business records obtained pursuant to the raid evidence Defendant JASON ALFORD's purchases of Pirate Access Devices from Loader1, and in reliance on those records and other information, and upon information and belief, DIRECTV brings this lawsuit against Defendant JASON ALFORD for Defendant's purchase, possession and/or use of Pirate Access Devices.

5. Each defendant is a resident of this District. DIRECTV alleges that each defendant has purchased and used illegally modified DIRECTV Access Cards and other devices ("Pirate Access Devices") that are designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV.

6. Each defendant's activities violate federal telecommunication and wiretapping laws and common law. Specifically, each defendant's actions violate the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act (Federal Wiretap Laws), 18 U.S.C. §§ 2510-2521. As a result of each defendant's decision to obtain Pirate Access Devices and the detrimental impact that such activities have on the company, DIRECTV brings this action seeking damages and injunctive relief against each defendant's continued possession and/or use of Pirate Access Devices.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), 47 U.S.C. § 605(e)(3)(A) and 18 U.S.C. § 2520(a) because the claims in this action arise under the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 and the Electronic Communications Privacy Act (Federal Wiretap Laws), 18 U.S.C. §§ 2510-2521.

8. This Court may exercise supplemental jurisdiction pursuant 28 U.S.C. § 1367(a) over the state law claims asserted herein.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because each defendant is a resident of this district and is subject to personal jurisdiction in this district.

## INTRADISTRICT ASSIGNMENT

10. Assignment of this action to the San Jose Division of the United States District Court for the Northern District of California is proper pursuant to Civil Local Rule 3-2(c) and Civil Local Rule 3-2(e) because the events which give rise to the claims in this action occurred in the counties of Santa Clara and Monterey.

## PARTIES

11. Plaintiff DIRECTV, Inc. is a corporation duly incorporated under the laws of the State of California. DIRECTV has significant interests in maintaining and securing the integrity of its satellite transmissions of television programming, and in prohibiting the unauthorized reception and use of the same.

///

///

12. Defendant DERRICK CHAPMAN is a resident of San Jose, California. Upon information and belief, beginning in or about November 2001, Defendant DERRICK CHAPMAN purchased one or more Pirate Access Devices from DSS Pro. Defendant DERRICK CHAPMAN placed each order by using interstate or foreign wire facilities, and received Defendant's orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about November 8, 2001, Defendant DERRICK CHAPMAN purchased two (2) Pirate Access Devices, each consisting of a printed circuit board device called a "Terminator Bootloader," from DSS Pro. The devices were shipped to Defendant DERRICK CHAPMAN at Defendant's address in San Jose, California.

13. Defendant JOHN HO is a resident of San Jose, California. Upon information and belief, beginning in or about July 2001, Defendant JOHN HO purchased one or more Pirate Access Devices from DSS Pro. Defendant JOHN HO placed each order by using interstate or foreign wire facilities, and received Defendant's orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

(a) On or about July 28, 2001, Defendant JOHN HO purchased a Pirate Access Device, consisting of a printed circuit board device called a "Terminator Bootloader," from DSS Pro. The device was shipped to Defendant JOHN HO at Defendant's address in San Jose, California.

14. Defendant WINDY SHUMAKER is a resident of Union City, California. Upon information and belief, beginning in or about February 2001, Defendant WINDY SHUMAKER purchased one or more Pirate Access Devices from DSS Pro. Defendant WINDY SHUMAKER placed each order by using interstate or foreign wire facilities, and received Defendant's orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transaction:

///
///
///
///

::ODMA\PCDOCS\DOCS\121938\1
Complaint For Compensatory, Statutory And Other Damages, And For Injunctive Relief

  (a) On or about February 17, 2001, Defendant WINDY SHUMAKER purchased two (2) Pirate Access Devices, consisting of: one (1) printed circuit board device, called an "Emulator;" and one (1) printed circuit board device called a "ULPro WTBS," also known as an "Unlooper," from DSS Pro. The devices were shipped to a third party at an address in Union City, California.

 15. Defendant JASON ALFORD is a resident of Seaside, California. Upon information and belief, beginning in or about June 2001, Defendant JASON ALFORD purchased one or more Pirate Access Devices from DSS Pro. Defendant JASON ALFORD placed each order by using interstate or foreign wire facilities, and received Defendant's orders via the United States Postal Service or commercial mail carriers. Specifically, these illegal purchases included the following transactions:

  (a) On or about June 5, 2001, Defendant JASON ALFORD purchased four (4) Pirate Access Devices, each consisting of a printed circuit board device called an "Atomic Bootloader," from DSS Pro. The devices were shipped to Defendant JASON ALFORD at Defendant's address in Seaside, California.

  (b) On or about December 20, 2001, Defendant JASON ALFORD purchased a Pirate Access Device called a "Dominator Elite," consisting of a printed circuit board device known as an "Enclosed 4 in 1 Loader," from Loader1. The device was shipped to Defendant JASON ALFORD at Defendant's address in Seaside, California.

## **FIRST CAUSE OF ACTION**

## **UNAUTHORIZED RECEPTION OF SATELLITE SIGNALS**

## **IN VIOLATION OF 47 U.S.C. § 605(a)**

## **(AGAINST ALL DEFENDANTS)**

 16. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

 17. Each defendant has received and assisted others in receiving DIRECTV's satellite transmissions of television programming without authorization, in violation of 47 U.S.C. § 605(a).

///

18. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

19. Each defendant knew or should have known that receiving and assisting third persons in receiving DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 47 U.S.C. § 605(a).

## SECOND CAUSE OF ACTION

## UNAUTHORIZED INTERCEPTION OF ELECTRONIC COMMUNICATIONS

## IN VIOLATION OF 18 U.S.C. § 2511(1)(a)

## (AGAINST ALL DEFENDANTS)

20. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

21. By using Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, each defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept or endeavor to intercept, DIRECTV's satellite transmission of television programming, in violation of 18 U.S.C. § 2511(1)(a).

22. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

23. Each defendant knew or should have known that such interception of DIRECTV's satellite transmissions of television programming was and is illegal and prohibited. Such violations

have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 18 U.S.C. § 2511(1)(a).

## THIRD CAUSE OF ACTION

### POSSESSION OF PIRATE ACCESS DEVICES

### IN VIOLATION OF 18 U.S.C. § 2512(1)(b)

### (AGAINST ALL DEFENDANTS)

24. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

25. Each defendant has used Pirate Access Devices to decrypt and view DIRECTV's satellite transmissions of television programming, with intent to avoid payment of the lawful charges therefore, by trick, artifice, deception, use of a device or decoder, and other fraudulent means, without authority from DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

26. Each defendant has possessed and used Pirate Access Devices, with intent to avoid payment to DIRECTV of the lawful charges for its programming, that are designed in whole or in part to receive subscription television services offered for sale by DIRECTV, without authority of DIRECTV, in violation of 18 U.S.C. § 2512(1)(b).

27. Each defendant's violations have injured and will continue to injure DIRECTV by depriving DIRECTV of subscription and pay-per-view revenues and other valuable consideration, compromising DIRECTV's security and accounting systems, infringing DIRECTV's trade secrets and proprietary information, and interfering with DIRECTV's contractual and prospective business relations.

28. Each defendant knew or should have known that possessing Pirate Access Devices was and is illegal and prohibited. Such violations have caused and will continue to cause DIRECTV irreparable harm, and DIRECTV has no adequate remedy at law to redress any such continued violations. Unless restrained by this Court, each defendant will continue to violate 18 U.S.C. § 2512(1)(b).

///

## FOURTH CAUSE OF ACTION

## WILLFUL ASSEMBLY OR MODIFICATION OF DEVICES OR EQUIPMENT

## IN VIOLATION OF 47 U.S.C. § 605(e)(4)

### (AGAINST ALL DEFENDANTS)

29. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

30. Upon information and belief, Defendants knowingly, manufactured, assembled, or modified an electronic, mechanical or other device or equipment knowing, or having reason to know, that the device or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity.  Upon information and belief, Defendants actively programmed and reprogrammed DIRECTV Access Cards and designed electronic systems for use in surreptitiously obtaining DIRECT Satellite Programming.  Further, by removing and inserting Pirate Access Devices and/or inserting illegally programmed Access Cards into valid DIRECTV Receivers, Defendants engaged in the unlawful assembly and/or modification of devices primarily of assistance in the unauthorized decryption of Satellite Programming.

31. Such conduct by each Defendant violates 47 U.S.C § 605(e)(4) and such activity entitles DIRECTV to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II).

32. DIRECTV is a person aggrieved by the Defendants' independent violations of 47 U.S.C. § 605 and is authorized to institute this action against the Defendants pursuant to 47 U.S.C. § 605 (e)(3)(A).

## FIFTH CAUSE OF ACTION

## CONVERSION

### (AGAINST ALL DEFENDANTS)

33. Plaintiff DIRECTV realleges and incorporates by reference the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

///

34. By possessing and using Pirate Access Devices, each defendant has unlawfully converted to their own use and benefit property belonging to DIRECTV.

35. Such conversion was done intentionally and wrongfully by each defendant to deprive DIRECTV of its proprietary interests and for each defendant's direct benefit and advantage.

36. As a direct and proximate result of each defendant's unlawful acts, DIRECTV has suffered and continues to suffer damages, including lost subscription and pay-per-view revenues and other valuable consideration.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff DIRECTV requests that this Court grant the following relief:

(1) Find the defendants' conduct in possessing and using Pirate Access Devices violates 47 U.S.C. § 605(a) and (e)(4), 18 U.S.C. §§ 2511(1)(a) and 2512(1)(b), and California common law, and further find that defendants' violations were willful, malicious or for a tortious or illegal purpose;

(2) In accordance with 47 U.S.C. § 605(e)(3)(B)(i) and 18 U.S.C. § 2520(b)(1), enjoin and restrain each defendant, and persons controlled directly and indirectly by each defendant, from possessing or using Pirate Access Devices, and further order each defendant to surrender all Pirate Access Devices;

(3) In the event of a default, an award of statutory damages of $10,000 for each Pirate Access Device used and possessed in violation of 18 U.S.C. § 2520(c)(2) and 47 U.S.C. § 605 (e)(4), and a further award of DIRECTV's reasonable attorneys' fees and costs of suit;

(4) In the event of trial, an award of either (a) statutory damages in accordance with 47 U.S.C. § 605(e)(3)(C)(i)(II) and 18 U.S.C. § 2520(c)(2), or (b) compensatory and punitive damages in accordance with 605(e)(3)(C)(i)(I), 18 U.S.C. § 2520(c)(2), and California common law; and DIRECTV's reasonable attorneys' fees and costs in accordance with 47 U.S.C. § 605(e)(3)(B)(iii), and 18 U.S.C. § 2520(b)(3);

///

///

///

///

(5)     For such additional relief as the Court deems just and equitable.

Dated:  November ____, 2003                    DANNER & MARTYN, LLP


                                               By:_____
                                                   Kristine R. Aronsohn
                                                   John E. Moran
                                                   Susan L. Wilson
                                                   Attorneys for Plaintiff DIRECTV, INC.